# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| FOX, et. al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No.: CV-99-1612-VEH |
| | ) |
| TYSON FOODS, INC. | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On November 15, 2006, the parties filed a Joint Proposed Schedule in Response to the Court's November 15, 2006, Order (doc. 604). Therein, Plaintiffs[1] assert what this court considers to be a Motion to Transfer pursuant to 28 U.S.C. § 1404(a). Plaintiffs contend that the cases of the seven named plaintiffs whose claims arise from employment in Defendant's plants located outside of the Northern District of Alabama should be transferred to the judicial district encompassing each of those seven plaintiffs' places of employment with Defendant. Accordingly, Plaintiffs maintain that the case of Sharon Mitchell (06-4678) should be transferred to the Middle District of Georgia; the case of Thomas White (06-4679) should be

---

[1] The named Plaintiffs in these consolidated actions are: Princess Brown, Pamela Woodworth, M.H. Fox, Teresa Brothers, Angela Hatchett, Sharon Mitchell, Thomas Lee White, Ava Joyner, Janet Garrett, and Winfred Earl.

transferred to the District of Maryland; the case of Janet Garrett (06-4681) should be transferred to the Western District of Kentucky; the case of Ava Joyner (06-4680) should be transferred to the Southern District of Indiana; the case of Pamala Woodworth (06-4684) should be transferred to the Western District of Missouri; the case of Winfred Earl (06-4682) should be transferred to the Eastern District of Texas; and the case of Princess Brown (06-4683) should be transferred to the Southern District of Mississippi. Defendant opposes the transfers.[2] For the reasons discussed herein, the Motion to Transfer will be granted.

**I.    Facts**

The Plaintiffs, ten employees from eight of Defendant's chicken-processing facilities located in seven different states, filed this collective action on June 22, 1999, against their employer, Tyson Foods, Inc. Plaintiffs complain that, in violation of the FLSA, Defendant did not pay them and other similarly situated employees for the time spent donning and doffing certain required safety gear as well as for the time spent walking after donning and walking before doffing.

On April 18, 2006, Plaintiffs filed a Renewed Motion for Notice to Collective Action Members (doc. 532) which was subsequently denied (docs. 601, 602). The

---

[2]This matter has been briefed by the parties and was the subject of a hearing before the undersigned on January 3, 2007.

court concluded that there are variations among the named plaintiffs such that collective adjudication among those plaintiffs is inappropriate. Furthermore, as the named plaintiffs are or were employed at different plants with different job titles and different pay grades, and wear different gear, the court found that the named plaintiffs' claims are subject to individualized determinations and are properly adjudicated in separate lawsuits.

The causes of action of Jeniece Carroll, Teresa Brothers, Angela Hatchett, Sharon Mitchell, Thomas Lee White, Ava Joyner, Janet Garrett, Winfred Earl, Princess Brown, and Pamela Woodworth were severed from the lead case of Plaintiff M.H. Fox. Each severed case was assigned to the undersigned. The court directed that the severed cases be consolidated for discovery purposes under case number 99-1612-VEH, and that all motions and pleadings be filed in that case.

Thereafter, Plaintiffs presented the instant Motion to Transfer.

## II. Standard

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, and in the interest of justice" a civil action may be transferred to any district where it could have been brought. *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1357 (M.D. Ala. 1998) (citing *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)). Where a plaintiff seeks transfer under § 1404(a), "the

burden is on Plaintiff to establish the statutory factors for transfer." *Cordis Corp. v. Siemens-Pacesetter, Inc.*, 682 F.Supp. 1200, 1202 (S.D. Fla. 1987).

"There are two requirements Plaintiff must meet to succeed in its Motion to Transfer under 28 U.S.C. § 1404. First, the cause can only be transferred to another district where the action might have alternatively been brought." *Id.* at 1201 (citing *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). At oral argument, Defendant conceded that venue was proper in the district for each case that Plaintiffs are seeking transfer. Also, each proposed transferee district could exercise personal jurisdiction over Defendant due to the presence of Defendant's processing facilities in those districts.

"Second, the transfer must be warranted on grounds of convenience and interests of justice." *Id.* "The factors to be considered in determining the balance of convenience are: convenience of the parties; convenience of the witnesses; relative ease of access to sources of proof; availability of process to compel the presence of unwilling witnesses; and, public interest considerations." *Id.* (citing *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)).

During oral argument, counsel for Defendant argued that Plaintiffs must identify a change in circumstances to be successful on a motion to transfer. Upon investigation, this court cannot find any controlling or persuasive authority in which

a court applied a change of circumstances requirement for a § 1404(a) motion brought by a plaintiff. To the contrary, district courts in the Eleventh Circuit have been unwilling to apply a change of circumstances test, and this court will follow suit. *See, e.g., Cordis Corp.*, 682 F.Supp. at 1203 (holding "that there is no requirement under 28 U.S.C. § 1404 that a plaintiff seeking transfer of venue must show a change of circumstances since the time the original action"); *American Home Assur. Co. v. Glovegold, Ltd.*, 153 F.R.D. 695, 700 (M.D. Fla. 1994) ("this Court does not feel compelled to apply a change of circumstances requirement in the absence of controlling authority").

**III. Discussion**

As Defendant conceded that each individual case could have been brought in the proposed transferee courts, the court need only focus on whether the transfer is for the convenience of the parties and witnesses as well as in the interest of justice.

The court will first investigate Plaintiffs original choice of forum in the Northern District of Alabama. It has generally been held that "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981).[3] Put simply,

---

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Defendant argues that, because Plaintiffs chose to file this action in the Northern District of Alabama when Plaintiffs were seeking collective action status, this forum should be afforded deference such that the individual Plaintiffs should not now be allowed to transfer venue in light of the court's denial of Plaintiffs' Renewed Motion for Collective Action Notice.

A situation where a plaintiff's choice of forum is entitled to less deference arises where "the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff ...." *Garay . BRK Elec.*, 775 F.Supp. 1010, 1011 (M.D. Fla. 1991). There is no dispute among the parties that all of the actions giving rise to each of the transfer-seeking Plaintiff's claims took place in the judicial districts to which each Plaintiff is seeking transfer. Accordingly, Plaintiffs choice of the Northern District of Alabama will not be afforded deference as the operative facts underlying each such Plaintiff's cause of action occurred outside the Northern District of Alabama.

In determining the balance of convenience, the factors weigh heavily in favor of granting Plaintiffs' request for transfer. First, the individual transfer-seeking Plaintiffs note that it would be most convenient to them if their actions were to proceed in the requested transferee courts due to those courts' proximity to the Plaintiffs' places of residence. It is well settled that a motion to transfer should not

be granted where the inconvenience of one party will merely be shifted to the opposing party. *See, e.g., Eye Care International, Inc. v. Underhill,* 119 F.Supp.2d 1313, 1319 (M.D. Fla. 2000); *Mason v. Smithkline Beecham Clinical Laboratories*, 146 F.Supp.2d 1355, 1361 (S.D. Fla. 2001). Such an instance is not, however, presented in the case at bar. As Defendant maintains processing facilities in each of the proposed transferee court's districts, and as this court has already ruled, at the Defendant's urging, that decisions regarding payment for the time and activities which are the basis of this action are made at the local plant, or even the "line," level, rather than centrally, the court does not find that Defendant would be inconvenienced as a result of the transfer. In addition, at oral argument, counsel for Defendant stated that a primary inconvenience that Defendant would suffer from a transfer of these cases would be the inconvenience of securing new local counsel in the transferee districts. "Of the factors considered on a transfer motion, the location of counsel is entitled to the least consideration." *Meterlogic, Inc. v. Copier Solutions, Inc*. 185 F.Supp.2d 1292, 1304 (S.D. Fla. 2002). As such, this factor has been given very little weight by the court. Moreover, when the Plaintiffs pointed out to the court that Defendant's local counsel had neither argued any motions nor taken any depositions, the Defendant did not disagree. Additionally, in the joint Proposed Schedule (doc. 604) filed by the parties, the Defendant stated (in support of its position that a longer

period should be set for discovery) that it would have to refamiliarize itself with all the depositions taken in this case, given the extended period of time the case was inactive. Therefore, the court finds the Defendant's argument about inconvenience resulting from securing new local counsel disingenuous, at best.

Second, the Plaintiffs presented arguments, during the January 3, 2007, hearing, that convenience of the witnesses and relative ease of access to the sources of proof weigh heavily in favor of transfer. A matter of key importance is that the primary witnesses for each case reside in the proposed transferee districts. Also, at the January 3, 2007, hearing, Defendant indicated that, whether the cases at issue remain before the undersigned or they are transferred, Defendant would provide the documents necessary for trial in either forum. Finally, the proposed transferee districts have the availability of process to compel the presence of unwilling witnesses who reside in those districts whereas this court does not.[4]

Defendant contends that this court, in granting the instant motion, would "squander the substantial judicial resources that it has spent becoming familiar with the underlying dispute ...." (Defendant's Response to Plaintiff's Proposal to Transfer

---

[4]The court notes that, during the January 3, 2007, hearing, counsel for Defendant stated that Tyson would make all witnesses in its employ available regardless of the forum of each case. However, Plaintiffs have indicated that their proposed witnesses include former employees of Defendant. Indeed, Defendant concedes that such is the case. See doc. 504 at p. 9. Defendant's promise to produce its employees as witnesses does not include former employees.

Venue; p. 9). Defendant further states that, "A more vivid example of wasting judicial resources is difficult to imagine." (*Id.*). Almost needless to say in light of Defendant's clear position on the issue, Defendant offers that the interests of justice, particularly the issue of judicial economy, demand that Plaintiff's Motion to Transfer be denied.

It is fair to say that Defendant overstates the judicial resources that have been expended by the undersigned in this case. This action was filed in 1999, was assigned to the undersigned on June 28, 2004, and was, at that time, subject to a stay. On November 28, 2005, the stay was lifted and the parties submitted motions, briefing, and discovery related solely to Plaintiffs' Renewed Motion for Notice to Collective Action Members. Less than a year later, Plaintiffs' Renewed Motion for Notice was denied.[5] That is the extent, prior to the instant motion, of the involvement of the undersigned in this litigation. Moreover, this court has already determined that each Plaintiff's case is to be tried separately. Dispositive motions dealing with core legal issues common to all cases (as opposed to Plaintiff-specific dispositive motions)

---

[5]The court acknowledges an error of omission in its November 11, 2006, Memorandum Opinion (doc. 601) and Order (doc. 602) denying Plaintiffs' Renewed Motion for Notice to Collective Action Members. The Memorandum Opinion discusses only the issue of donning and doffing, but the actions of walking after donning and before doffing are also at issue in Plaintiffs' case. This omission does not alter the court's analysis of Plaintiffs' Renewed Motion for Notice to Collective Action Members; the analysis applies equally to the issue of walking as to the issue of donning and doffing.

have already been ruled on. Granting Plaintiffs' Motion to Transfer will not result in the waste of judicial resources. Regardless, the factors regarding convenience of the parties and witnesses would outweigh any potential for judicial duplication of efforts .

Finally, the instant action is not, as Defendant maintains, a case in which a transfer will spawn duplicative litigation in multiple districts. The Supreme Court has noted that duplicative actions should be consolidated where the issues of fault, damages, and witnesses were identical. *See Continental Grain Co. v. Barge FBL-585,* 364 U.S. 19, 26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540 (1960). The *Continental Grain Co.* court admonished "a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Id*. Each of the transfer-seeking Plaintiff's cases, while similar, do not center around identical issues of fault or damages. In addition, the cases do not share the same witnesses. While the transfer of identical cases would result in the obvious waste of judicial resources, a failure to transfer cases which this court has already determined are so dissimilar as to warrant separate trials to more appropriate forums would compromise the interests of justice.

## IV. Conclusion

For the reasons stated and as set forth herein, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the Motion to Transfer is **GRANTED**.

The Clerk of Court is **DIRECTED** to effectuate the transfer of the above mentioned actions (the case of Sharon Mitchell (06-4678) shall be transferred to the Middle District of Georgia; the case of Thomas White (06-4679) shall be transferred to the District of Maryland; the case of Janet Garrett (06-4681) shall be transferred to the Western District of Kentucky; the case of Ava Joyner (06-4680) shall be transferred to the Southern District of Indiana; the case of Pamala Woodworth (06-4684) shall be transferred to the Western District of Missouri; the case of Winfred Earl (06-4682) shall be transferred to the Eastern District of Texas; and the case of Princess Brown (06-4683) shall be transferred to the Southern District of Mississippi) no sooner than ten (10) days from the date of this Order.

**DONE** this 16th day of January, 2007.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge